# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**WILLIAM F. JONES**,

        Defendant.

Case No. 17-CR-03126-01-CR-S-MDH

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A);
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under

the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten (10) years or more is possible. In this case, the defendant is charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of not less than five years' imprisonment is required and not more than life imprisonment is possible.

The Government further submits that in light of the complaint and indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the complaint and indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, defendant's statutory sentencing range is currently a term of imprisonment not less than ten years and not more than life imprisonment.

To further support the Government's contention that the defendant is a risk to the safety of the community and risk to flee, the Government offers that:

1. JONES participated in obtaining and sending approximately 20 pounds of methamphetamine from the Kansas City, Missouri, area back to Southwest, Missouri, where JONES resides;

2. JONES has prior felony convictions for forgery (in three separate cases), fraudulent use of a credit device, stealing, possession of ephedrine or manufacture of methamphetamine, stealing a motor vehicle, creating or altering a chemical to a controlled substance, endangering the welfare of a child, assault second, and tampering with a motor vehicle (in two separate cases); and

3. JONES is a documented member of the Southwest Honkeys prison gang, whose members have been known to flee from police; have shot at Springfield, Missouri, Police Department (SPD) officers; have shot and seriously wounded an SPD police officer; and who have been known to make credible threats of violence against those who cooperate with police against them.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

        Respectfully submitted,

        THOMAS M. LARSON
        Acting United States Attorney

    By    */s/ Josephine M. Larison*
        Josephine M. Larison
        Missouri Bar No. 63956
        Special Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on November 15, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>   */s/ Josephine M. Larison*
>   Josephine M. Larison
>   Special Assistant United States Attorney