# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action** |
| | ) | **No. 17-03126-01-CR-S-MDH** |
| WILLIAM F. JONES, | ) | |
| | ) | |
| **Defendant.** | ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Stuart Huffman, attorney at law. The United States was represented by Jody Larison, Special Assistant United States Attorney.

An indictment has been returned alleging a violation of the Controlled Substances Act, for which there is a maximum period of imprisonment of ten years or more. There is therefore a rebuttable presumption that there are no conditions which would reasonably assure the defendant's appearance at all proceedings, as required, and the safety of other persons and/or the community. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). Regarding the potential for failure to appear, the defendant has an extensive criminal history which includes, but is not limited to, the following: criminal activity while under

1

supervision; history of failure to appear and absconding; active warrant; and, history of noncompliance which under supervision. In addition, defendant has active substance abuse and unstable living situation.

Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's extensive criminal history, which includes, but is not limited to, the following: prior arrests and convictions; criminal activity while under supervision; history of noncompliance while under supervision; criminal association; violent behavior history; pattern of similar criminal activity history; and, gang involvement. In addition, defendant has active substance abuse history.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight, and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be, and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose
of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED:   November 27, 2017**


_____*/s/ David P. Rush*_____
DAVID P. RUSH
United States Magistrate Judge